1  STROOCK & STROOCK & LAVAN LLP
2  JULIA B. STRICKLAND (State Bar No. 083013)
   SCOTT M. PEARSON (State Bar No. 173880)
3  DARIUS K.C. ZOLNOR (State Bar No. 248686)
   2029 Century Park East
4  Los Angeles, CA  90067-3086
   Telephone: 310-556-5800
5  Facsimile: 310-556-5959
   E-Mail: lacalendar@stroock.com
6
7  Attorneys for Defendants
    DFS SERVICES LLC, formerly known as DISCOVER
8    FINANCIAL SERVICES, INC., and DISCOVER BANK

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                                    CV08-04886 MMM (MANx)

12 SUSAN YOON, an individual, on behalf )  Case No.
13 of herself, the general public and those )
   similarly situated                    )
14                                        )
15         Plaintiff,                     )  **NOTICE OF REMOVAL BY**
                                          )  **DEFENDANTS DFS SERVICES**
16     vs.                                )  **LLC AND DISCOVER BANK**
                                          )
17 DISCOVER FINANCIAL SERVICES,           )
   INC.; DISCOVER BANK; and DOES 1        )
18 through 50, inclusive,                 )
19                                        )
          Defendants.                     )
20 _____    )

21
22
23
24
25
26
27
28

LA 51067347v3

1     **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA:**

3       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Sections 1331, 1332,

4    1367, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub.

5    L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005), defendants DFS Services LLC, formerly

6    known as Discover Financial Services, Inc. ("DFS"), and Discover Bank (together,

7    "Discover") hereby remove the action entitled <u>Susan Yoon v. Discover Financial</u>

8    <u>Services, Inc., et al.</u>, California Superior Court, County of Los Angeles, Case No. BC

9    392770 (the "Action"), to the United States District Court, Central District of

10   California, on the following grounds:

11       1.     <u>Discover's Removal Is Timely.</u>  Plaintiff Susan Yoon ("Yoon") filed her

12   Complaint in this Action on or about June 16, 2008, and the Complaint and

13   Summons were personally served on Discover's registered agent on or about June

14   25, 2008.  True and correct copies of the Summons and Complaint as received by

15   Discover are attached hereto as Exhibit A.  The Complaint was the first pleading

16   received by Discover, and alleges the following causes of action against Discover:

17   (1) alleged violation of sections 631 and 632 of the California Penal Code; (2)

18   alleged violation of the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692,

19   <u>et seq</u> (the "FDCPA"), a federal law; (3) alleged violation of the Rosenthal Fair Debt

20   Collections Practices Act, California Civil Code section 1788, <u>et seq.</u>; (4) alleged

21   violation of California Business and Practices Code section 17200, <u>et seq.</u>; (5)

22   alleged violation of California Civil Code section 1708.8; (6) alleged violation of the

23   California Constitution, article I, section I; and (7) alleged common law invasion of

24   privacy.  Discover's removal is timely pursuant to 28 U.S.C. Section 1446(b)

25   because Discover filed this Notice of Removal within 30 days of receiving the

26   Summons and Complaint.

27

28

LA 51067347v3

1     2.     The Court Has Removal Jurisdiction Over The Action on Two

2  Independent Bases.

3            a.     Federal Question.   The Action is a civil action over which this

4  Court has original jurisdiction under 28 U.S.C. section 1331 and is one that may be

5  removed to this Court by Discover pursuant to the provisions of 28 U.S.C. section

6  1441(b) in that Yoon alleges violations of the FDCPA.[1]  This Court has supplemental

7  jurisdiction over Yoon's state law claims pursuant to 28 U.S.C. sections 1367 and

8  1441(c).

9            b.     CAFA.

10            i.     The Action Is A "Class Action."  A "class action," as

11  defined by CAFA, is "any civil action filed under rule 23 of the Federal Rules of

12  Civil Procedure or similar state statute or rule of judicial procedure authorizing an

13  action to be brought by 1 or more representative persons as a class action." 28

14  U.S.C. §§ 1332(d)(1)(B), 1453(a).  Yoon alleges that the Action is brought on behalf

15  of a putative class consisting of "[a]ll persons in the United States who received

16  collection calls from Defendants that were recorded, or monitored, from June 16,

17  2004 through the present" (the "Putative Class").  (Complaint ¶ 24.)  Yoon also seeks

18  to represent a "California Subclass" consisting of "all members of the [Putative]

19  Class whom Defendants telephoned at an area-code located in the State of

20  California" (the "Putative Subclass").  (Id.)  Yoon has filed the Action as a purported

21  class action pursuant to California Civil Code section 382.  (Id.)

22            ii.     Diversity Of Citizenship Exists.  Under CAFA, diversity is

23  satisfied when "any member of a class of plaintiffs is a citizen of a State different

24  _____

25  [1]  DFS and Discover Bank dispute that they are subject to the FDCPA.  Without in
    any way conceding liability under that or any other statute or common law theory,
26  DFS Services LLC and Discover Bank note that removal of the Action is based on
    the allegations of Yoon's Complaint, whether or not the allegations are accurate or
27  appropriate.  See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir.
    2006) (explaining that "the propriety of removal is determined solely on the basis of
28  the pleadings filed in state court").

- 2 -

1   from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).  Yoon is, and at all relevant

2   times was, a resident of Los Angeles County, California.  (Complaint ¶ 2.)  DFS is a

3   limited liability company existing under the laws of Delaware, and Discover Bank is

4   a Delaware corporation.  (Complaint ¶¶ 3-4.)  Both DFS and Discover Bank have

5   their principal places of business in Illinois.  (Id.)

6                    iii.    The Amount In Controversy Is Satisfied.  The amount in

7   controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or

8   value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).

9   Furthermore, "[i]n any class action, the claims of individual class members shall be

10  aggregated to determine whether the matter in controversy exceeds the sum or value

11  of $5,000,000."  28 U.S.C. § 1332(d)(6).  Yoon alleges that Discover marketed,

12  advertised and issued a Discover Card to her in 2003.  (Complaint ¶ 18.)  Yoon

13  alleges that Discover placed calls to Yoon at her home to demand delinquent

14  payments.  (See Complaint ¶¶ 20-21.)  Yoon further alleges that, during these calls,

15  Discover "intentionally monitored, listened to, tape-recorded, eavesdropped onto

16  and/or otherwise made an unauthorized connection to the conversations . . . without

17  informing [Plaintiff] or receiving her consent."  (Complaint ¶ 21.)  Moreover, Yoon

18  avers that hers "was not an isolated incident" and that DFS and Discover Bank

19  "intentionally and systematically monitor and/or record the calls they make to

20  Discover Card holders."  (Complaint ¶ 23.)

21       Yoon has not alleged any specific amount of damages.  However, based on the

22  allegations contained in the Complaint, it is clear that the Complaint seeks relief on

23  behalf of the Putative Class that would exceed the sum or value of $5,000,000.[2]

24  _____

25  [2] Proving the amount in controversy entails showing only the amount it is possible
    Yoon will recover, not the amount Yoon will recover.  See, e.g., Brill v. Countrywide
26  Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns
    what the plaintiff is claiming (and thus the amount in controversy between the
27  parties), not whether the plaintiff is likely to win or be awarded everything he seeks.").
28  Even without a formal damages model, the $5 million threshold can be established

- 3 -

1  Among other things, Yoon seeks (1) actual damages; (2) the greater of three times

2  the amount of any actual damages award or $5,000 per incident, pursuant to

3  California Penal Code section 637.2(a); (3) injunctive relief, pursuant to California

4  Penal Code section 637.2(b) and California Business and Professions Code sections

5  17200, et seq. and 17500, et seq.; (4) actual damages and attorneys' fees, additional

6  statutory damages of at least $1,000 dollars per violation and/or per letter or phone

7  conversation, class action damages of the lesser of $500,000 or, in the alternative,

8  one percent of Discover's net worth, pursuant to 15 U.S.C. section 1692k; (5)

9  statutory damages of $1,000 per incident pursuant to California Civil Code sections

10  1788.17 and 1788.30; and (6) disgorgement of monies acquired by Discover relating

11  to the acts complained of in the Complaint.  (Complaint ¶¶ 37-40, 48, 56, 62-65, 72-

12  75, 80, 84, Prayer For Relief.)

13          Yoon alleges that the Putative Class and the Putative Subclass "is each

14  composed of more than 5,000 persons."  (Complaint ¶ 26.)  Discover denies liability

15  and Yoon's right to recover any damages.  However, based on the damages sought

16  (including statutory damages of at least $5,000 per violation), and Yoon's definition

17  of the Putative Class (each member of the Putative Class was involved in at least one

18  "incident" as relevant here), Yoon seeks, at a minimum, $25,005,000 (5001 persons

19  x one incident x $5,000 in statutory damages).  This amount far exceeds the amount

20  in controversy required by CAFA.  Even Yoon's separate request of $1,000 per

21  incident satisfies the requirement (5001 persons x one incident x $1,000 in statutory

22  damages = $5,005,000).  Based on the foregoing, the amount in controversy

23  requirement under CAFA clearly is satisfied.

24          3.     Removal Is Proper.  Other than Discover, there currently is no defendant

25  in the Action who may have been served with the Summons and Complaint.

26  Accordingly, no other defendant's joinder or consent is required.  In any event,

27  _____

28  by reference to the logical implications of Yoon's Complaint.  See, e.g., Lao v.
   Wickes Furniture Co., 455 F. Supp. 2d 1045, 1049-50 (C.D. Cal. 2006).

- 4 -

1  CAFA allows for the removal of class actions to federal court in accordance with 28

2  U.S.C. section 1446, "without the consent of all defendants." 28 U.S.C. § 1453(b).

3  Accordingly, Discover is permitted to file this Notice of Removal without the joinder

4  or consent of any other defendant.

5     4. <u>Notice Has Been Effected.</u>  A copy of this Notice of Removal is being

6  filed with the California Superior Court, County of Los Angeles, and concurrently

7  served on Yoon's counsel of record.

8  Dated:  July 24, 2008      Respectfully submitted,

9

10            STROOCK & STROOCK & LAVAN LLP
          JULIA B. STRICKLAND

11            SCOTT M. PEARSON
          DARIUS K.C. ZOLNOR

12

13          By: _____

14              Julia B. Strickland

15          Attorneys for Defendants

16          DFS SERVICES LLC, formerly known
        as DISCOVER FINANCIAL

17          SERVICES, INC., and DISCOVER
        BANK

18

19

20

21

22

23

24

25

26

27

28

LA 51067347v3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT "A"**

27
28

COPY

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*  LLC

DISCOVER FINANCIAL SERVICES INC.; DISCOVER BANK; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUSAN YOON, an individual, on behalf of herself, the general public and those
similarly situated

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 6 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court  111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC392770<br>BY FAX |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth A. Safier, Esq., Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94114, 415-336-6545

| DATE:<br>*(Fecha)* JUN 1 6 2008 | JOHN A. CLARKE, CLERK | Clerk, by _____, Deputy<br>*(Secretario)* M. GARCIA *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* Discovery Financial Services, LLC<br><br>under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*www.accesslaw.com*

**EXHIBIT A**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 6 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1 **GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
2 SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
3 San Francisco, California 94114
Telephone: (415) 336-6545
4 Facsimile: (415) 449-6469

5

6 Attorneys for Plaintiff

7 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 CITY AND COUNTY OF LOS ANGELES

9 BC392770

10 SUSAN YOON, an individual, on behalf of herself, the general public and those similarly situated | CASE NO.

11 | UNLIMITED CIVIL CASE

12 Plaintiff, | CLASS ACTION COMPLAINT

13 v. | FOR VIOLATION OF THE CALIFORNIA PENAL CODE

14 | §§ 631, 632; VIOLATION OF THE FAIR DEBT COLLEC-

15 DISCOVER FINANCIAL SERVICES INC.; DISCOVER BANK; and DOES 1 through 50, inclusive, | TION PRACTICES ACT, 15 USC § 1692, ET SEQ; VIOLA-

16 | TION OF THE ROSENTHAL FAIR DEBT COLLECTIONS

17 Defendants. | PRACTICES ACT, CALIFOR-

18 Defendants | NIA CIVIL CODE § 1788, ET SEQ; UNFAIR BUSINESS

19 | PRACTICES; VIOLATION OF CALIFORNIA CIVIL CODE §

20 | 1708.8; INVASION OF PRI-VACY, CALIFORNIA CON-

21 | STITUTION ARTICLE I, SECTION I; AND UNLAWFUL

22 | INTRUSION INTO PRIVATE AFFAIRS

23

24 | JURY TRIAL DEMANDED

25

26

27

28

-1-

1    Susan Yoon, by and through her counsel, brings this Class Action Complaint against

2    Defendants, on behalf of herself and, as set forth herein, those similarly situated, for violation of

3    California Penal Code §§ 631, 632; violation of the Fair Debt Collection Practices Act, 15 USC §

4    1692, et seq.; violation of the Rosenthal Fair Debt Collections Practices Act, California Civil

5    Code § 1788, et seq.; violations of section 17200, et seq. of the California Business and

6    Professions Code; violation of California Civil Code § 1708.8; invasion of privacy, California

7    Constitution, Article I, Section I; and unlawful intrusion into private affairs, also known as

8    common law invasion of privacy.  The following allegations are based upon information and

9    belief, including the investigation of Plaintiff's counsel, unless stated otherwise.

10                                    **INTRODUCTION**

11    1.    This case is about Defendants' unlawful and unfair debt collection practices.

12    Specifically, Defendants intentionally monitor and tape-record private telephone conversations

13    without notifying consumers and/or seeking their consent, in violation of state and federal law.

14                                        **PARTIES**

15    2.    Susan Yoon ("Plaintiff") is, and at all times alleged in this Class Action Complaint

16    was, an individual and a resident of the City of Northridge in Los Angeles County, California.

17    3.    Defendant Discover Financial Services, Inc. is a corporation incorporated under

18    the laws of the State of Delaware, having its principal place of business in Riverwood, Illinois.

19    4.    Defendant Discover Bank is a corporation incorporated under the laws of the State

20    of Delaware, having its principal place of business in Riverwood, Illinois.

21    5.    The true names and capacities of Defendants sued as Does 1 through 50 inclusive

22    are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

23    section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave of Court to amend

24    this Class Action Complaint when said true names and capacities have been ascertained.

25    6.    The Parties identified in paragraphs 3 through 5 of this Class Action Complaint are

26    collectively referred to hereafter as "Defendants" or "Discover."

27    7.    At all times herein mentioned, each of the Defendants was the agent, servant,

28    representative, officer, director, partner or employee of the other Defendants and, in doing the

1   things herein alleged, was acting within the scope and course of her/her/its authority as such

2   agent, servant, representative, officer, director, partner or employee, and with the permission and

3   consent of each Defendant.

4      8.    At all times herein mentioned, Defendants, and each of them, were members of,

5   and engaged in, a joint venture, partnership and common enterprise, and acting within the course

6   and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

7      9.    At all times herein mentioned, the acts and omissions of Defendants, and each of

8   them, concurred and contributed to the various acts and omissions of each and all of the other

9   Defendants in proximately causing the injuries and damages as herein alleged.

10      10.    At all times herein mentioned, Defendants, and each of them, ratified each and

11   every act or omission complained of herein.  At all times herein mentioned, the Defendants, and

12   each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

13   proximately causing the damages, and other injuries, as herein alleged.

14                **JURISDICTION AND VENUE**

15      11.    This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

16   and Professions Code, section 17200, et seq.  Plaintiff and Defendants are "persons" within the

17   meaning of the California Business and Professions Code, section 17201.

18      12.    The injuries, damages and/or harm upon which this action is based, occurred or

19   arose out of activities engaged in by Defendants within, and affecting, the State of California.

20      13.    Defendants have engaged, and continue to engage, in substantial and continuous

21   business practices in the State of California, including in Los Angeles County.

22      14.    The telephone calls that are at issue in this dispute were unlawfully, unfairly and

23   deceptively tape-recorded and/or monitored by Defendants while Plaintiff was in Los Angeles

24   County, California.

25      15.    Accordingly, Plaintiff alleges that jurisdiction and venue are proper in this Court.

26                **SUBSTANTIVE ALLEGATIONS**

27   **Defendants Market, Advertise and Provide Credit Cards And Related Credit Card Services**

28      16.    Discover is one of the nation's leading banks and credit card issuers.

17.   Discover markets, advertises and issues to consumers throughout the nation credit cards commonly know as "Discover Cards."  Defendants issue a number of Discover Cards including for example the "Discover More Card," "Discover Open Road Card," "Discover Motiva Card," "Miles by Discover Card" and "Discover Student Card."

**<u>Plaintiff Received A Discover Card</u>**

18.   In 2003, Defendants marketed, advertised and issued to Plaintiff a Discover Card.

19.   Following Plaintiff's receipt of her Discover Card, she charged certain goods and services to her Discover Card.

20.   In or around December of 2007, because she was under treatment for a serious illness, Plaintiff fell behind in her monthly payments to Defendants.

**<u>Defendants' Unlawfully Monitored And/Or Tape-Recorded Phone Calls To Plaintiff And Those Similarly Situated.</u>**

21.   Defendants began calling Plaintiff at her home to demand payment.  Unbeknownst to Plaintiff, Defendants intentionally monitored, listened to, tape-recorded, eavesdropped onto and/or otherwise made an unauthorized connection to the conversations that Plaintiff had with Defendants, without informing her or receiving her consent.  Although customers who call Discover are informed during the calls that their calls may be monitored or recorded, no such information is provided to customers who are called by Discover.

22.   Plaintiff learned of Defendants' illegal activities during one of Defendants' debt collection calls to Plaintiff, when Plaintiff heard a beeping sound.  Plaintiff asked Defendants whether the phone call was being recorded.  Defendants' agent stated that Defendants randomly record calls and she could not say whether that particular call was being monitored or recorded. At no prior time had Defendants informed Plaintiff that the call was being monitored and/or recorded.  Nor did Defendants seek Plaintiff's consent for the monitoring and/or recording of the telephone call.

23.   This was not an isolated incident.  Rather, Plaintiff alleges that Defendants intentionally and systematically monitor and/or record the calls they make to Discover Card holders.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action against Defendants on behalf of herself and all others similarly situated, as a class action pursuant to section 382 of the California Code of Civil Procedure and section 1781 of the California Civil Code. Plaintiff seeks to represent a Class defined as follows:

> All persons in the United States who received collection calls from Defendants that were recorded, or monitored, from June 16, 2004 through the present.

Plaintiff also seeks to represent a "California Subclass" comprised of all members of the Class whom Defendants telephoned at an area-code located in the State of California. For purposes of this Class Action Complaint, the unmodified word "Class" and the phrase "Class Members" shall refer collectively to all members of the Class, including the named Plaintiff.

25.     This action has been brought and may properly be maintained as a class action against the Defendants pursuant to the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

26.     Numerosity: Plaintiff does not know the exact size of the class, but it is estimated that the Class, and the California Subclass, is each composed of more than 5,000 persons. The persons in each class and subclass are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

27.     Common Questions Predominate: This action involves common questions of law and fact to the potential class because each Class Member's claim derives from the unlawful or unfair monitoring, listening to, tape-recording, eavesdropping onto and/or otherwise making an unauthorized connection to the conversations that Plaintiff and those similarly situated had with Defendants without their knowledge and consent. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the class are:

1        a)     Whether Defendants illegally, unfairly and/or deceptively monitored,
2  listened to, tape-recorded, eavesdropped onto and/or otherwise made unauthorized connections to
3  the conversations that Plaintiff, and those similarly situated, had with Defendants;

4        b)     Whether Defendants violated the Fair Debt Collections Practices Act by
5  monitoring, listening to, tape-recording, eavesdropping and/or otherwise making unauthorized
6  connections to the conversations that Plaintiff, and those similarly situated, had with Defendants
7  without their knowledge and consent;

8        c)     Whether Defendants violated the Rosenthal Fair Debt Collections Practices
9  Act by monitoring, listening to, tape-recording, eavesdropping and/or otherwise making
10  unauthorized connections to the conversations that Plaintiff, and those similarly situated, had with
11  Defendants without their knowledge and consent;

12        d)     Whether Defendants engaged in the alleged conduct intentionally,
13  knowingly, recklessly, or negligently;

14        e)     The amount of revenues and profits Defendants received and/or the amount
15  of monies or other obligations lost by Class Members as a result of such wrongdoing;

16        f)     Whether Class Members are entitled to injunctive and other equitable relief
17  and, if so, what is the nature of such relief; and

18        g)     Whether Class Members are entitled to payment of actual, incidental,
19  consequential, special, treble, punitive, exemplary and/or statutory damages plus interest thereon,
20  and if so, what is the nature of such relief?

21      28.    Typicality: Plaintiff's claims are typical of the class because Defendants
22  intentionally and illegally monitored, listened to, tape-recorded, eavesdropped onto and/or
23  otherwise made an unauthorized connection to the conversations that Plaintiff had with
24  Defendants without her knowledge or consent.  Thus, Plaintiff and Class Members sustained the
25  same injuries and damages arising out of Defendants' conduct in violation of the law.  The
26  injuries and damages of each Class Member were caused directly by Defendants' wrongful
27  conduct in violation of law as alleged.

28      29.    Adequacy: Plaintiff will fairly and adequately protect the interests of all Class

1    Members because it is in her best interests to prosecute the claims alleged herein to obtain full

2    compensation due to her for the unfair and illegal conduct of which she complains. Plaintiff also

3    has no interests that conflict with, or are antagonistic to, the interests of Class Members. Plaintiff

4    has retained highly competent and experienced class action attorneys to represent her interests

5    and that of the class. No conflict of interest exists between Plaintiff and Class Members hereby,

6    because all questions of law and fact regarding liability of Defendants are common to Class

7    Members and predominate over any individual issues that may exist, such that by prevailing on

8    her own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members.

9    Plaintiff and her counsel have the necessary financial resources to adequately and vigorously

10   litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to

11   the Class Members and are determined to diligently discharge those duties by vigorously seeking

12   the maximum possible recovery for Class Members.

13          30.     Superiority: There is no plain, speedy, or adequate remedy other than by

14   maintenance of this class action. The prosecution of individual remedies by members of the class

15   will tend to establish inconsistent standards of conduct for the Defendants and result in the

16   impairment of Class Members' rights and the disposition of their interests through actions to

17   which they were not parties. Class action treatment will permit a large number of similarly

18   situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

19   and without the unnecessary duplication of effort and expense that numerous individual actions

20   world engender. Furthermore, as the damages suffered by each individual member of the class

21   may be relatively small, the expenses and burden of individual litigation would make it difficult

22   or impossible for individual members of the class to redress the wrongs done to them, while an

23   important public interest will be served by addressing the matter as a class action.

24          31.     Nexus to California. The State of California has a special interest in regulating the

25   affairs of corporations that do business here and persons who live here. Defendants have issued

26   more credit cards in California than in any other state. Defendants also have monitored, listened

27   to, tape-recorded, eavesdropped onto and/or otherwise made unauthorized connections to more

28   conversations in California than in any other state. Accordingly, there is a substantial nexus

1   between Defendants' unlawful behavior and California such that the California courts should take

2   cognizance of this action on behalf of a class of individuals who reside throughout the United

3   States.

4       32.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

5   management of this action that would preclude its maintenance as a class action.

6                        **CAUSES OF ACTION**

7                **PLAINTIFF'S FIRST CAUSE OF ACTION**

8          **(Invasion of Privacy, California Penal Code § 637.2)**
              **On Behalf of Herself and the California Subclass**

9       33.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

10   Action Complaint as if set forth herein.

11       34.    Section 631(a) of the California Penal Code provides, in pertinent part:

12
13      Any person who…makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or

14      instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized

15      manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any

16      wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to

17      communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or

18      cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or

19      by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the

20      state prison.

21       35.    Section 632(a) of the California Penal Code provides:

22      Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording

23      device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or

24      by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding [$2,500], or imprisonment in the county jail not

25      exceeding one year, or in the state prison, or by both that fine and imprisonment…"

26       36.    On or about February 2, 2008, and on many prior occasions, Defendants

27   intentionally eavesdropped upon and/or recorded the confidential communications of Plaintiff

28   without her knowledge or consent.   On numerous occasions before and after that time,

1   Defendants have intentionally eavesdropped upon and/or recorded the confidential

2   communications of those similarly situated without their knowledge or consent.  Defendants

3   accordingly violated §§ 631(a) and 632(a) of the California Penal Code.

4       37.   California Penal Code § 637.2(a) provides:

5           Any person who has been injured by a violation of this chapter may bring an
6   action against the person who committed the violation for the greater of the
following amounts:  (1) Five thousand dollars ($5,000). (2) Three times the
amount of actual damages, if any, sustained by the plaintiff.
7

8       38.   California Penal Code § 637.2(b) provides:

9           (b) Any person may, in accordance with Chapter 3 (commencing with Section
525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin
and restrain any violation of this chapter, and may in the same action seek
10   damages as provided by subdivision (a).

11       39.   As a direct and proximate result of Defendants' violation of California Penal Code

12   §§ 631(a) and 632(a), Plaintiff and those similarly situated have suffered, and continue to suffer,

13   damages in an amount which will be proven at trial, but which are in excess of the jurisdictional

14   minimum of this Court.  Plaintiff and those similarly situated are entitled to, at a minimum,

15   statutory damages of $5,000 per incident.

16       40.   Pursuant to Cal. Penal Code § 637.2(b), Plaintiff, on behalf of herself and those

17   similarly situated in the California Subclass, additionally seeks injunctive relief restraining

18   Defendants from violating §§ 631(a) and 632(a) of the California Penal Code in the future.  Such

19   misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will

20   continue to cause injury in fact to the general public in that the Defendants will continue to

21   violate the laws of California, unless specifically ordered to comply with the same.  This

22   expectation of future violations will require current and future credit card owners to repeatedly

23   and continuously seek legal redress.  Plaintiff, those similarly situated, have no other adequate

24   remedy at law to ensure future compliance with the laws alleged to have been violated herein.

25                       **PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Violation of Fair Debt Collection Practices Act, 15 USC § 1692, et seq.)**
26   **On Behalf of Herself and the Class**

27       41.   Plaintiff realleges and incorporates by reference the above paragraphs of this Class

28   Action Complaint as if set forth herein.

42.     Plaintiffs, and members of the Class, are "consumers" under 15 USC § 1692a since they are natural persons allegedly obligated to pay debts to Defendant.

43.     Defendants are "debt collectors" under 15 USC § 1692a(6) and they use instruments of interstate commerce in the mails and phones to collect alleged debts.

44.     Defendants are subject to the regulations and prohibitions of the Fair Debt Collection Practices Act, 15 USC § 1692, et seq.

45.     Defendants violated 15 USC § 1692d generally and more specifically in the following manner: by monitoring, listening to, tape-recording, eavesdropping and/or otherwise making an unauthorized connection to the conversations that Plaintiff, and those similarly situated, had with Defendants without their knowledge and consent, Defendants harassed, oppressed, or abused (and continue to harass, oppress or abuse) Plaintiff, and those similarly situated, in connection with the collection of an alleged debt.

46.     Defendants violated 15 USC § 1692e generally and more specifically in the following manner: by monitoring, listening to, tape-recording, eavesdropping and/or otherwise making an unauthorized connection to the conversations that Plaintiff, and those similarly situated, had with Defendants without their knowledge and consent, Defendants used (and continue to use) false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47.     Defendants violated 15 USC § 1692f generally and more specifically in the following manner: by monitoring, listening to, tape-recording, eavesdropping and/or otherwise making an unauthorized connection to the conversations that Plaintiff, and those similarly situated, had with Defendants without their knowledge and consent, Defendants used (and continue to use) unfair or unconscionable means to collect or attempt to collect any alleged debt.

48.     Plaintiffs, individually and as a class, are entitled to their actual damages, reasonable attorneys' fees and costs under 15 USC § 1692k, additional damages under 1692k(a)(2) of at least one thousand dollars per violation and or per letter or phone conversation, whichever is greater, for class action damages of $500,000.00 as set forth in 1692k(a)(2)(B), and for additional damages as deemed just by the Court.

Class Action Complaint

1    49.    Defendants' actions and omissions set forth above were done persistently,

2  frequently and intentionally.

3                    **PLAINTIFF'S THIRD CAUSE OF ACTION**

    **(Violation of the Rosenthal Fair Debt Collections Practices Act, California Civil Code §**

4                              **1788, et seq.)**

5              **On Behalf of Herself And The California Subclass**

6    50.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

7  Action Complaint as if set forth herein.

8    51.    The foregoing acts and omissions constitute unfair or deceptive and/or

9  unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt

10 Collection Act, Civil Code § 1788, et seq.

11   52.    Defendants violated Cal. Civil Code §1788.17, which requires "every debt

12 collector collecting or attempting to collect a consumer debt shall comply with the provisions of

13 Sections 1692b to 1692j" of Title 15 United States Code.

14   53.    Defendants violated Cal. Civil Code §1788.10(a) with the use, or threat of use, of

15 physical force or violence or any criminal means to cause harm to the person, or the reputation, or

16 the property of any person.

17   54.    Defendants' acts as described above were done willfully and knowingly with the

18 purpose of coercing Plaintiff, and those similarly situated, to pay the alleged debt, within the

19 meaning of Cal. Civil Code § 1812.702.

20   55.    Defendants' acts described above were done willfully and knowingly with the

21 purpose of coercing Plaintiff, and those similarly situated, into repaying the alleged debt within

22 the meaning of Cal. Civil Code § 1788.30(b).

23   56.    As a direct and proximate result of Defendants' violation of California Civil Code

24 §§ 1788.17 and 1788.10(a), Plaintiff and those similarly situated have suffered, and continue to

25 suffer, damages in an amount which will be proven at trial, but which are in excess of the

26 jurisdictional minimum of this Court.  Plaintiff and those similarly situated are entitled to, at a

27 minimum, statutory damages of $1,000 per incident as set forth in Civil Code §§1788.17 and

28 1788.30.

### PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, et seq.)**
**On Behalf of Herself and the California Subclass**

57.   Plaintiff realleges and incorporates by reference the above paragraphs of this Class Action Complaint as if set forth herein.

58.   Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the unfair and illegal business practices outlined above, in particular by unfairly, unlawfully and deceptively monitoring, listening to, tape-recording, eavesdropping and/or otherwise making unauthorized connections to the conversations that Plaintiff had with Defendants without their knowledge and consent.

59.   Plaintiff, and those similarly situated, suffered injury and lost money or property as a result of these unfair trade practices in that their rights to privacy were impinged and/or they paid money to Defendants for alleged debts that they would not have paid had the unfair trade practices not occurred.

60.   Defendants engage in these unfair practices to increase their profits.  Accordingly, Defendants have engaged in unlawful, unfair and/or deceptive trade practices, as defined and prohibited by section 17200, et seq. of the California Business and Professions Code.

61.   The aforementioned practices, which Defendants have used, and continue to use, to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

62.   Plaintiff seeks, on behalf of herself and those similarly situated, full restitution and disgorgement of monies, as necessary and according to proof, to restore to them any and all monies acquired by Defendants from them by means of the unlawful, unfair and/or deceptive trade practices complained of herein, plus interest thereon.

63.   Plaintiff seeks, on behalf of herself and those similarly situated, a declaration that the above-described trade practices are unfair, unlawful, deceptive and/or fraudulent, and an injunction to prohibit Defendants from continuing to engage in the unfair trade practices

1   complained of herein.  Such misconduct by Defendants, unless and until enjoined and restrained

2   by order of this Court, will continue to cause injury in fact to the general public and the loss of

3   money and property in that the Defendants will continue to violate the laws of California, unless

4   specifically ordered to comply with the same.  This expectation of future violations will require

5   current and future customers to repeatedly and continuously seek legal redress in order to recover

6   monies paid to Defendants to which Defendants are not entitled.  Plaintiff, those similarly situated

7   and/or other consumers nationwide have no other adequate remedy at law to ensure future

8   compliance with the California Business and Professions Code alleged to have been violated

9   herein.

10       64.    As a direct and proximate result of such actions, Plaintiff and the other members of

11   the Class have suffered and continue to suffer injury in fact and have lost money and/or property

12   as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an

13   amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this

14   Court.

15       65.    As a direct and proximate result of such actions, Defendants have enjoyed, and

16   continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

17   is in excess of the jurisdictional minimum of this Court.   The acts complained of herein occurred,

18   at least in part, within four (4) years preceding the filing of this Class Action Complaint.

19                   **PLAINTIFF'S FIFTH CAUSE OF ACTION**
                **(Constructive Invasion of Privacy, California Civil Code § 1708.8)**
20                 **On Behalf of Herself And The California Subclass**

21

22       66.    Plaintiff realleges and incorporates the above paragraphs of this Class Action

23   Complaint as if set forth herein.

24       67.    California Civil Code section 1708.8(b) provides:

25           A person is liable for constructive invasion of privacy when the defendant attempts
             to capture, in a manner that is offensive to a reasonable person, any type of visual
26           image, sound recording, or other physical impression of the plaintiff engaging in a
             personal or familial activity under circumstances in which the plaintiff had a
27           reasonable expectation of privacy, through the use of a visual or auditory
             enhancing device, regardless of whether there is a physical trespass, if this image,
28           sound recording, or other physical impression could not have been achieved
             without a trespass unless the visual or auditory enhancing device was used.

68. California Civil Code section 1708.8(d) provides:

A person who commits any act described in subdivision (a), (b), or (c) is liable for up to three times the amount of any general and special damages that are proximately caused by the violation of this section. This person may also be liable for punitive damages, subject to proof according to Section 3294. If the plaintiff proves that the invasion of privacy was committed for a commercial purpose, the defendant shall also be subject to disgorgement to the plaintiff of any proceeds or other consideration obtained as a result of the violation of this section.

69. California Civil Code section 1708.8(e) provides:

A person who directs, solicits, actually induces, or actually causes another person, regardless of whether there is a employer-employee relationship, to violate any provision of subdivision (a), (b), or (c) is liable for any general, special, and consequential damages resulting from each said violation. In addition, the person that directs, solicits, instigates, induces, or otherwise causes another person, regardless of whether there is an employer-employee relationship, to violate this section shall be liable for punitive damages to the extent that an employer would be subject to punitive damages pursuant to subdivision (b) of Section 3294.

70. By its conduct, Defendant has knowingly and intentionally captured, in a manner that is offensive to a reasonable person, sound recordings of Plaintiff, and those similarly situated, engaging in a personal or familial activity under circumstances in which Plaintiff, and those similarly situated, had a reasonable expectation of privacy, through the use of an auditory enhancing device that could not have been achieved without a trespass unless the visual or auditory enhancing device was used.

71. As a direct and proximate result of Defendants' violation of California Civil Code section 1708.8, et seq. Plaintiff and those similarly situated have suffered, and continue to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

72. Plaintiff and those similarly situated are, pursuant to California Civil Code §§ 1708.8(d) and (e), entitled to actual, special and punitive damages and injunctive relief for the above-mentioned tortuous act of Defendants. Plaintiff and those similarly situated are entitled to treble their actual and special damages.

73. As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

74. Plaintiff seeks disgorgement of monies, as necessary and according to proof,

1    acquired by Defendants from them by means complained of herein, plus interest thereon.

2        75.    Pursuant to Civil Code § 1708.8(h), Plaintiff, on behalf of herself and those

3    similarly situated, additionally seeks injunctive relief restraining Defendants from violating §

4    1708.8, et seq. of the California Civil Code in the future.   Such misconduct by Defendants,

5    unless and until enjoined and restrained by order of this Court, will continue to cause injury in

6    fact to the general public in that the Defendants will continue to violate the laws of California,

7    unless specifically ordered to comply with the same.  This expectation of future violations will

8    require current and future credit card owners to repeatedly and continuously seek legal redress.

9    Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate

10   remedy at law to ensure future compliance with the California Civil Code alleged to have been

11   violated herein.

12   

### PLAINTIFF'S SIXTH CAUSE OF ACTION
**(Invasion of Privacy, California Constitution, Article I, Section I)**
**On Behalf of Herself And The California Subclasses**

13   

14       76.    Plaintiff realleges and incorporates the above paragraphs of this Class Action

15   Complaint as if set forth herein.

16       77.    As set forth above, Defendants monitored, listened to, tape-recorded,

17   eavesdropped onto and/or otherwise made unauthorized connections to the conversations that

18   Plaintiff had with Defendants.

19       78.    The above-mentioned conduct violated the California Constitution, Article I,

20   Section I because Defendants' conduct impacted on a legally protected right of Plaintiff, and

21   those similarly situated.

22       79.    Plaintiff, and those similarly situated, had a reasonable expectation of privacy in her

23   (and their) telephone calls.  Defendants' invasion of the Plaintiff's (and those similarly situated)

24   privacy interested was (and is) serious.  Defendants have (and can) not show a competing or

25   countervailing interest to justify their invasion of privacy.

26       80.    As a direct and proximate result of Defendants' violation of California

27   Constitution, Article I, Section I, Plaintiff and those similarly situated have suffered, and continue

28   to suffer, damages in an amount which will be proven at trial, but which are in excess of the

1    jurisdictional minimum of this Court.

2    **PLAINTIFF'S SEVENTH CAUSE OF ACTION**
     **(Unlawful Intrusion Into Private Affairs, a.k.a. Common Law Invasion of Privacy)**
3    **On Behalf of Herself And The Class**

4         81.    Plaintiff realleges and incorporates the above paragraphs of this Class Action

5    Complaint as if set forth herein.

6         82.    Plaintiff, and those similarly situated, had reasonable expectations of privacy when

7    Defendants contacted them with regard to their personal financial matters.  Defendants unlawfully

8    intruded in the Plaintiff's, and those similarly situated, private affairs when Defendants

9    monitored, eavesdropped onto, or tape recorded their telephone conversations concerning

10   personal financial matters without their knowledge or consent.

11        83.    Defendants' conduct was unlawful and outrageous such that it would shock the

12   conscience of a reasonable person.

13        84.    As a direct and proximate result of Defendants' outrageous and unlawful conduct,

14   Plaintiff and those similarly situated have suffered, and continue to suffer, damages in an amount

15   which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

16   **PRAYER FOR RELIEF**

17   WHEREFORE, Plaintiff prays for judgment as follows:

18        A.  On Cause of Action Number 1 against Defendants and in favor of
              Plaintiff and the other members of the California Subclass:
19

20             1.  For an award actual compensatory damages, the amount of which is

21                 to be determined at trial;

22             2.  For treble damages, including three (3) times the amount of any

23                 general and special damages according to proof pursuant to Cali-

24                 fornia Penal Code § 637.2(a)(2);

25             3.  For statutory damages, including damages of at least $5,000 or per

26                 violation and/or per recorded or monitored phone conversation,

27                 whichever is greater, pursuant to California Penal Code §

28                 637.2(a)(1); and

4. For injunctive relief pursuant to, without limitation, California Penal Code § 637.2(b).

B. On Cause of Action Number 2 against Defendants and in favor of Plaintiff and the Class:

    1. For actual and compensatory damages as allowed under the Fair Debt Collection Practices Act;

    2. For additional damages under 15 U.S.C. § 1692k(a)(2) of at least one thousand dollars per violation and/or per recorded or monitored phone conversation, whichever is greater;

    3. For at least $500,000.00 under 15 U.S.C. § 1692k(a)(2)(B), or in the alternative one percent of the net worth of Defendant and its related entities;

    4. For the Court fairly apportion all damages among the class members; and

    5. For reasonable attorney's fees to Plaintiff and her counsel pursuant to 15 U.S.C. § 1692k;

C. On Cause of Action Number 3 against Defendants and in favor of Plaintiff and the California Subclass:

    1. For actual or compensatory damages according to proof;

    2. For statutory damages pursuant to Civil Code §1788.17, and Civil Code §1788.30; and

    3. Costs and reasonable attorney's fees pursuant to Civil Code §1788.17 and Civil Code §1788.30.

D. On Cause of Action Number 4 against Defendants and in favor of Plaintiff and the other members of the California Subclass:

    1. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and 17500, et seq.; and

    2. For injunctive relief pursuant to, without limitation, the California

1    Business & Professions Code §§ 17200, et seq. and 17500, et seq.;

2    E.  On Causes of Action Number 5 against Defendants and in favor of
Plaintiff and the other members of the California Subclass:

3

4       1.  For three (3) times the amount of any general and special damages

5           according to proof pursuant to California Civil Code § 1708.8(d);

6       2.  For general and special damages according to proof pursuant to

7           California Civil Code § 1708.8(e);

8       3.  For punitive damages pursuant to California Civil Code §§

9           1708.8(d), (e); and

10      4.  For injunctive relief pursuant to, without limitation, California Civil

11          Code §§ 1708.8(h)

12   F.  On Cause of Action Number 6 against Defendants and in favor of
Plaintiff and the other members of the California Sub-Class:

13

14      1.  For actual or compensatory damages according to proof;

15      2.  For punitive damages

16   G.  On Cause of Action Number 7 against Defendants and in favor of
Plaintiff and the other members of the Class:

17      1.  For actual, compensatory and punitive damages according to proof;

18      2.  For punitive damages

19   H.  On all causes of action against Defendants and in favor of Plaintiff,
Class Members, California Subclass members and the general public:

20

21      1.  For reasonable attorneys' fees according to proof pursuant to, with-

22          out limitation, California Code of Civil Procedure § 1021.5;

23      2.  For costs of suit incurred; and

24      3.  For such further relief as this Court may deem just and proper.

25              **JURY TRIAL DEMANDED**

26   Plaintiff hereby demands a trial by jury.

27

28

-17-

Class Action Complaint

1

2  Dated: June 16, 2008       **GUTRIDE SAFIER LLP**

3

4

             Adam J. Gutride, Esq.

5              Seth A. Safier, Esq.
                835 Douglass Street

6              San Francisco, California 94114

7              Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                              )   ss

COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, California  90067-3086.

     On July 24, 2008, I served the foregoing document(s) described as: **NOTICE OF REMOVAL BY DEFENDANTS DFS SERVICES LLC AND DISCOVER BANK** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Adam J. Gutride, Esq.
> Seth A. Safier, Esq.
> GUTRIDE SAFIER LLP
> 835 Douglass Street
> San Francisco, CA 94114

☐   **(VIA PERSONAL SERVICE)**  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒   **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐   **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July 24, 2008, at Los Angeles, California.

| Diane Smith | *Diane Smith* (signature) |
|---|---|
| [Type or Print Name] | [Signature] |

- 1 -